Filed 7/26/24  P. v. Smith CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NIIKO DAVON SMITH,<br><br>    Defendant and Appellant. | E079476<br><br>(Super.Ct.No. RIF136041)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on July 8, 2024, be modified as follows:

On page 16, in the second paragraph, we delete the second sentence, which reads:

> "The jury verdicts themselves reveal the prosecutor's argument had no effect, insofar as the jury found defendant guilty of deliberate and premeditated attempted murder, a finding that the jury instructions given in this case required that it find defendant personally premeditated involvement in the crime and acted with deliberation.

As modified, the petition for rehearing is denied.

RAMIREZ
                                                                                    P. J.

1

Filed 7/8/24  P. v. Smith CA4/2 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>NIIKO DAVON SMITH,<br><br>      Defendant and Appellant. | E079476<br><br>(Super.Ct.No. RIF136041)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Judith C. Clark, Judge.  Affirmed.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2008, defendant Niiko Davon Smith, a member of the Edgemont Criminal Gang, a criminal street gang, was convicted of two counts of attempted murder (Pen. Code,[1] §§ 664, 187, subd. (a)), respecting two separate victims, with true findings on allegations that attempted murders were deliberate and premeditated, that a principal discharged a firearm (§12022.53, subds. (c), (e)), and that the attempted murders were committed for the benefit of a criminal street gang. (§ 186.22, subd. (b).) In addition, defendant was convicted of actively participating in a street gang (§186.22, subd. (a).) He was sentenced to an aggregate term of 35 years to life in state prison. His conviction was affirmed on direct appeal.

In 2022, defendant petitioned for resentencing following the enactment of Senate Bill No. 1437, but the trial court found he had not established a prima facie showing that he was entitled to relief. Defendant appeals.

On appeal, defendant argues the trial court erred in denying his petition at the prima facie stage because the instructions given at trial relating to aiding and abetting may have misled the jury to find him "equally guilty" as the actual shooter, and the fact the jury was not instructed on theories of felony murder, or the natural and probable consequences doctrine did not preclude defendant from showing his eligibility for relief.

We affirm the judgment.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

BACKGROUND

We take the background facts from our unpublished opinion issued in defendant's direct appeal (*People v. Smith* (Mar. 30, 2011, E049071 [nonpub. opn.]), supplemented with information relating to the postjudgment proceedings seeking resentencing.

"On February 15, 2007, there was a shooting at the Racquet Club Apartments in Moreno Valley. Five empty nine-millimeter Luger shell casings and one unexpended nine-millimeter Luger round were collected. Some of the residents were interviewed; however, no one was able to identify the shooter or shooters. The best that was discovered was that two vehicles, a van and a four-door sedan with persons of African American descent[,] were in the location of the sound of the shots.

"On February 23, 2007, about a week after the shooting, Sergeant Robert Spivacke of the Riverside County Sheriff's Department conducted a tape-recorded interview of defendant about an unrelated matter. Detective Lance Colmer, a member of the gang unit, was called in to interview defendant. Unbeknownst to the parties present, when Detective Colmer began to interview defendant, it was not tape-recorded. When Detective Colmer walked in, defendant stood up and greeted the detective with a smile, saying 'Colmer, my nigga.' The two began to talk, asking each other about members of defendant's gang. The detective had known defendant since 2003, interviewing him during investigations, talking to him in the community, and arresting him. Defendant admitted to Detective Colmer that he is a member of the Edgemont Criminal Gang (also referred to as 'Edgemont' or 'Edgemont gang'). Defendant had been present at 'the

3

Shaw residence, which is one of the primary members and primary locations of activity for the Edgemont Criminal gang.'  Also, defendant's 'participation in prior criminal acts with other members of the gang … validates his membership.'

"After talking with defendant for about 20 minutes, Detective Colmer asked about the shooting at the Racquet Club Apartment complex.  Defendant indicated he knew about it because he was there with others.  Specifically, defendant identified Craisean Evans as being in the front of the van and the shooter.  Defendant was in the far rear of the van, and other gang members or associates included 'C-Mel' (Davon King) and Davion Shaw.  Upon arrival, defendant saw Sex Cash Money gang members in front of the apartment complex, including 'Blue Devil' (Noel Frazier), 'Young Blue Devil' (Tyreon Richmond), and 'Deeko' (Dekovan Washington).  Defendant stated the shooting occurred because of the 'rivalry that Edgemont Criminals and Moreno Valley had with Sex Cash Money, another gang in Moreno Valley.'  He explained this shooting was retaliation for an act the Edgemont gang believed Sex Cash Money had committed against it.  After the shooting, they fled in the van.

"Supervising Deputy District Attorney Kamaria Henry observed Detective Colmer's interview with defendant on a monitor at the police station on February 23, 2007.  Her recollection of the interview differed in that she testified defendant had identified Craisean Evans as the driver.  She also believed defendant had denied being a member of the Edgemont gang.

4

"Detective Colmer also testified as a gang expert and opined that defendant, Craisean Evans, and Davion Shaw were Edgemont gang members and Davon King was an associate of the gang. He also opined the shooting was gang related and motivated by the ongoing rivalry between the two gangs." (*People v. Smith*, *supra*, E049071, fn. omitted.)

"On October 6, 2008, a jury found defendant and appellant Niiko Davon Smith guilty of two counts of attempted premeditated murder (Pen. Code, §§ 664, 187, subd. (a); counts 3 & 4) and one count of active participation in a criminal street gang (§ 186.22, subd. (a); count 5). The jury found true the allegations that a principal personally and intentionally discharged a firearm (§ 12022, subd. (a)(1)) and that the crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)). On August 17, 2009, defendant was sentenced to prison for a total term of 35 years to life." (*People v. Smith*, *supra*, E049071, fn. omitted.)

Defendant appealed the conviction and sentence, in *People v. Smith*, *supra*, E049071. On March 30, 2011, we modified the sentence to reflect concurrent terms on counts 3 and 4 of life with the possibility of parole, plus 20 years for the section 12022.53 firearm enhancement, and we stayed the concurrent two-year sentence on count 5. In all other respects, we affirmed the judgment.

On April 18, 2022, defendant filed a pro se petition for resentencing under former section 1170.95 (currently numbered and hereafter referred to as § 1172.6), alleging he was eligible for resentencing. On July 22, the People requested that the petition be

5

denied because the record of conviction shows that the jury was not instructed on theories of felony murder or the natural and probable consequences doctrine, rendering defendant ineligible for resentencing.  Defense counsel agreed.  The court concluded there was no basis for relief and denied the petition.

Defendant appealed.

## DISCUSSION

Defendant does not dispute that the jury in his trial was not instructed on principles of felony murder or the natural and probable consequences doctrine.  However, he argues that "[t]he absence of instruction on these particular theories did not categorically preclude [defendant] from showing his eligibility for relief.  All he needed to allege to make a prima facie showing was that he was convicted of attempted murder on an invalid theory was to assert that malice had been imputed to him based on someone else's mental state and that changes to [section 188] would preclude such a conviction now."  He goes on to argue that the instructions on aiding and abetting, combined with the prosecutor's closing argument to the jury, allowed the jury to convict him of attempted murder based on the shooter's mental state rather than his own.  We disagree.

A. *Defendant Failed to Establish a Prima Facie Basis for Relief under Section 1172.6*

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended the felony-murder rule by adding section 189, subdivision (e).  It provides that a participant in the qualifying felony is liable for felony murder only if the person:  (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life.  (See *People v. Gentile* (2020) 10 Cal.5th 830, 842.)

The Legislature also eliminated the natural and probable consequences doctrine for persons who were not the actual killer by amending section 188, subdivision (a)(3), which now states that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3).)  The amendments included a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions.  (§ 1172.6; *People v. Saibu* (2022) 81 Cal.App.5th709, 731.)

Effective January 1, 2022, the statutory scheme was further amended to clarify that the new procedures applied also to persons convicted of attempted murder or manslaughter under a theory of felony murder and the natural and probable consequences doctrine and permitted the same relief as those persons convicted of murder under the same theories.  (Sen. Bill No. 775 (2021-2022 Reg. Sess.); *People v. Birdsall* (2022) 77 Cal.App.5th 859, 865, fn. 18; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388; see

7

*People v. Sanchez* (2022) 75 Cal.App.5th 191, 193; *People v. Porter* (2022) 73 Cal.App.5th 644, 651-652.)

Under section 1172.6, a person convicted of felony murder or murder based on the natural and probable consequences doctrine may petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of these statutory changes. (See *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

A person may seek resentencing by filing a section 1172.6 petition. (§ 1172.6, subd. (a).) Upon such filing, the court must "determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) The petitioner is entitled to relief if he alleges, as relevant here, (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine," (2) he "accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of … attempted murder," and (3) he "could not presently be convicted of … attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)- (3).)

The prima facie inquiry is limited. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The court must accept the petitioner's allegations as true and "should not make credibility

determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Id.* at p. 974.) "If the petition and record in the case establish conclusively that the [petitioner] is ineligible for relief, the trial court may dismiss the petition" as a matter of law. (*People v. Strong* (2022) 13 Cal.5th 698, 708; *In re Serrano* (1995) 10 Cal.4th 447, 456.)

"'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."''" (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

Thus, at the prima facie stage, the trial court's inquiry "'is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime).'" (*People v. Pacheco* (2022) 76 Cal.App.5th 118, 125.) "If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief …, then the trial court should issue an order to show cause." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980 [overruled on a different point in *Lewis*, *supra*, 11 Cal.5th at p. 963].)

"We independently review a trial court's determination of whether a petitioner has made a prima facie showing." (*People v. Patton* (2023) 89 Cal.App.5th 649, 656, review granted June 28, 2023, S279670.) Whether the petitioner has made a prima facie

9

showing of entitlement to relief under section 1172.6 is a "'purely legal conclusion, which we review de novo.'" (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

B. *Analysis*

1. *Defendant's Attempted Murder Convictions, Based on a Specific Intent to Kill and a Finding of Premeditation, Rendered Defendant Ineligible for Resentencing Relief.*

Defendant's petition includes the required assertions pursuant to section 1172.6, subdivision (a): that defendant was prosecuted and convicted of first or second degree murder or attempted murder or manslaughter pursuant to a theory of felony murder or murder under a natural and probable consequences theory or other theory under which malice is imputed solely based on the person's participation in the crime and that he or she could not now be so convicted because of changes to sections 188 or 189 that took effect January 1, 2019. (See § 1172.6, subd. (a)(l)-(3).)

However, the record of conviction refutes the assertion that he was convicted under theories of felony murder or as an aider and abettor under the natural and probable consequences doctrine. As to the attempted murder counts, defendant is statutorily ineligible for resentencing, even after the amendments to sections 188 and 189, because no theory of felony murder or the natural and probable consequences doctrine were presented to the jury. Thus, the record of conviction refutes the allegations of the petition, because defendant was not "'[a] person convicted of felony murder or murder

10

under a natural and probable consequences theory,'" and he is therefore ineligible for relief as a matter of law. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 677 (*Daniel*).)

Section 1172.6 applies by its terms only to attempted murders based on the natural and probable consequences doctrine. (§ 1172.6, subd. (a) ["A person convicted of … attempted murder under the natural and probable consequences doctrine … may file a petition …"].) The jurors in this case were not instructed on that doctrine. They were given CALCRIM Nos. 400 and 401, on the theory of direct aiding and abetting, as well as CALCRIM No. 600, which advised them that an attempted murder conviction required a finding that the "defendant intended to kill [the victim]." "Direct aiding and abetting remains a valid theory of attempted murder after the enactment of Senate Bill No. 775." (*People v. Coley* (2022) 77 Cal.App.5th 539, 548, citing *People v. Sanchez* (2022) 75 Cal.App.5th 191, 197.) The jury verdicts establish defendant harbored the intent to kill and acted as a direct aider and abettor.

As the California Supreme Court has recently concluded, the finding of specific intent to kill may be binding and preclusive. (*People v. Curiel* (2023) 15 Cal.5th 433, 453-454.) It explained that "a relevant jury finding is generally preclusive in section 1172.6 proceedings, i.e., it 'ordinarily establish[es] a defendant's ineligibility for resentencing under Senate Bill [No.] 1437 and thus preclude[s] the defendant from making a prima facie case for relief.'" (*Curiel, supra*, at pp. 453-454.)

In *Curiel*, the Supreme Court addressed the question of whether the jury's finding of "intent to kill" in the gang-murder special circumstance was entitled to preclusive

11

effect, concluding that the defendant there was bound by that finding. (*Curiel*, *supra*, 15 Cal.5th at pp. 450, 452-453.) However, in that case, where the defendant's jury had been instructed on the now-invalid natural and probable consequences theory as to the underlying murder, the court went on to hold that the gang-murder verdicts, viewed in light of the natural and probable consequences instructions given to the jury, may have established an intent to kill, but did not show the jury necessarily made factual findings covering the elements of mens rea and actus reus. Thus, it concluded the trial court could not reject Curiel's prima facie showing on this basis.

The circumstances of *Curiel* are easily distinguished from the present case. First, the intent to kill language was found in the instruction related to the special circumstance allegation related to a killing for the benefit of a street gang, while the instructions for the underlying murder included the natural and probable consequences theory. (See *People v. Lovejoy* (2024) 101 Cal.App.5th 860, 869, fn. 6.)

Here, there were no instructions on felony murder or the natural and probable consequences doctrine, so the only theory of liability on the attempted murder counts was that defendant directly aided and abetted the shooter of that victim. (*People v. Edwards* (2020) 48 Cal.App.5th 666, 674, review dismissed Jan. 5, 2022, S262481; overruled on a different point in *Lewis*, *supra*, 11 Cal.5th at p. 963 [absence of jury instructions on felony murder or natural and probable consequences doctrine justified summary denial of petition]; see *Daniel*, *supra*, 57 Cal.App.5th at p. 677 ["no instructions were given on felony murder or murder under the natural and probable consequences doctrine"]; *People*

12

*v. Cortes* (2022) 75 Cal.App.5th 198, 205 [no prima facie showing where the record of conviction demonstrated the jury was not instructed on any theory of liability for murder or attempted murder that required that malice be imputed to him].)

As we observed in the direct appeal, the defendant's pretrial statements established he knew he was accompanying his codefendant to a retaliatory gang shooting and expressed that he shared that intent. (*People v. Smith*, *supra*, E049071.) The jury instructions clearly informed the jury it must find the defendant committed the requisite actus reus for attempted murder, and that defendant must have had the specific intent to kill. The jury rendered verdicts finding defendant guilty of attempted murder and found the attempted murder was premeditated. These findings are preclusive under *Curiel*, *supra*, 15 Cal.5th 433 at pages 453-454.

A person whose conviction involves a finding of intent to kill is ineligible for relief. (See *People v. Medrano* (2021) 68 Cal.App.5th 177, 182-183 [conviction of conspiracy to murder rendered defendant ineligible because the crime requires intent to kill]; see also *People v. Coley* (2022) 77 Cal.App.5th 539, 548 [by finding appellant guilty of attempted murder, the jury necessarily found he had personally harbored intent to kill or express malice when he aided and abetted the second degree murder], citing *People v. Moon* (2005) 37 Cal.4th 1, 29; & *People v. Smith* (2005) 37 Cal.4th 733, 741.)

Defendant was statutorily ineligible for relief under section 1172.6. The trial court correctly determined defendant had failed to make a prima facie showing he was entitled to relief under section 1172.6.

2. *CALCRIM No. 400.  "Equally Guilty" Language*

In making his argument that he was not precluded from seeking relief from his convictions due to the lack of instructions on felony murder or the natural and probable consequences doctrine, defendant asserts the jury instructions given at his trial in combination with the prosecutor's closing arguments allowed the jury to convict him of attempted premeditated murder based on the shooter's mental state rather than his own. We disagree.

We begin by noting that challenges to the propriety of jury instructions are more properly made on direct appeal as claims of trial error.  Section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error." (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)  "'The purpose of section [1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.'" (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.)

Claims that the trial court gave jury instructions on felony murder, or the natural and probable consequences doctrine may be considered by a reviewing court in determining if the defendant was convicted under a now-invalid theory.  However, where no such instructions were given, and no instructional challenge was argued on direct appeal, nor any claim of prosecutorial misconduct in closing arguments, arguing that the prosecutor's argument in combination with the instructions given are nonstarters.  (See *People v. Cortes* (2022) 75 Cal.App.5th 198, 205-206 [no merit in Cortes's suggestion

14

that the jury may have, without instruction, relied on such a charge due to the prosecutor's argument].)

Defendant argues that the instructions on aider and abettor liability given by the trial court in this case, based on CALCRIM No. 400, improperly informed the jurors an aider and abettor "'is *equally guilty* of the crime whether he committed it personally or aided and abetted the perpetrator who committed it.'" This is not a meritorious challenge under the amendments to sections 188 and 189 because the idea that a "'direct perpetrator's culpability could be imputed to an aider and abettor' represented a 'legally viable theory of aider and abettor murder liability,' and that the amendment to the law occasioned by Senate Bill No. 1437 'changed that legal viability,'" has been rejected. (*People v Burns* (2023) 95 Cal.App.5th 862, 868 (*Burns*).)

In *Burns,* the court noted that "Use of the 'equally guilty' language in the instruction provided at Burns's trial created a potential issue of instructional error, but it did not operate to offer the jury a theory of legal liability that can no longer support a conviction for murder as a result of the recent statutory changes. If Burns believed that the trial court in his case prejudicially erred by instructing the jury using the then-current version of CALCRIM No. 400, he had every basis and opportunity to raise that issue on his direct appeal." (*Burns*, *supra*, 95 Cal.App.5th at pp. 868-869.)

15

The same holds true here. The trial court only instructed the jury on principles of direct aider and abettor liability, stating correct legal principles that are still valid. Recent enactments "'did not change accomplice liability for murder under direct aiding and abetting principles'" (*Burns*, *supra*, 95 Cal.App.5th at p. 869, citing *People v. Jenkins* (2021) 70 Cal.App.5th 924, 931; & *People v. Gentile* (2020) 10 Cal.5th 830, 848), so defendant is not entitled to relief.

Similarly, the comments made by the prosecutor during closing argument are not a proper basis for a challenge under section 1172.6, particularly where the prosecutor relied only on direct aider and abettor liability principles and did not refer in any way to an invalid theory of liability. The jury verdicts themselves reveal the prosecutor's argument had no effect, insofar as the jury found defendant guilty of deliberate and premeditated attempted murder, a finding that the jury instructions given in this case required that it find defendant personally premeditated involvement in the crime and acted with deliberation. The jury was not presented with a felony-murder theory of guilt or guilt under the natural and probable consequences theory. Under these circumstances, a petitioner is ineligible for relief as a matter of law. (*Daniel*, *supra*, 57 Cal.App.5th at p. 677.)

The trial court properly denied the defendant's petition for resentencing relief at the prima facie stage.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

McKINSTER

J.

RAPHAEL

J.